UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK

2016 MAY 18  AM 10: 53

-------------------------------------------------------------------X

TYLEAK WELLS

                              **Plaintiff,**

      -against-

THE CITY OF NEW YORK AND THE NEW YORK CITY
POLICE DEPARTMENT, DETECTIVE JOHN VITALE,
TAX 947584,  DETECTIVE DANIEL CRUZ, TAX REG 936405
AND  OTHER UNIDENTIFIED POLICE OFFICERS,
INDIVIDUALLY AND IN THEIR  OFFICIAL CAPACITY

                            **Defendants**

-------------------------------------------------------------------X

Civil Action No.: _____

**COMPLAINT**

**CV 16      2527**

**JURY TRIAL DEMAND**

COGAN, J.

Plaintiff by his attorney Edward Zaloba, Esq., alleges as follows for her Complaint:

## PRELIMINARY STATEMENT

1.      This is a civil action against  THE CITY OF NEW YORK AND THE NEW YORK CITY POLICE DEPARTMENT, and the defendant officers and other unidentified police officers, individually and in their official capacity,  to redress the deprivation, under color of state law, of plaintiff's rights, secured by the civil rights act of 1871 42 USC §1983 and 1988 and the Fourth and Fourteenth Amendments to the Constitution of the United States and rights secured under the common law and privileges and immunities under the United States and New York State Constitutions. This action is grounded upon wrongful, unlawful, and improper acts including, without limitation, false arrest, false imprisonment, abuse of process, malicious prosecution and violations of police and public duties and obligations.

## JURISDICTION

2.      Jurisdiction is founded upon 28 U.S.C. §1331, 1343 and §1367 and the previously mentioned statutory and constitutional provisions. That jurisdiction is founded upon the existence of a Federal question.  Plaintiffs further invoke the supplemental jurisdiction of this Court to hear and decide claims arising under state law.

3.     The matter in controversy, each exceed exclusive of interest and costs, the sum or value to One Hundred Fifty Thousand ($150,000.00) Dollars.

## VENUE

4.     Venue is properly laid in the Eastern District of New York under U.S.C.§139(b) in that this is the District in which the claim arose.

## PARTIES

5.     Plaintiff, Tyleak Wells, is a resident of Queens, New York.

6.     Defendant City of New York ("City"), at all times mentioned, was and is a municipal corporation organized according to the laws of the State of New York.  Defendant New York City owns, operates, manages, directs and controls the New York City Police Department which employs the defendant police officers and detectives herein.

7.     Defendants, Detectives Vitale and Cruz, and other unidentified police officer are and were, at all times mentioned, Police Officers of the City of New York. They are sued individually and in their official capacity.

8.     Upon information and belief, Detective and other unidentified officers, are and were, at all relevant times, police officers, supervisors, and/or persons employed by the New York City Police Department.  These unknown defendant officers will be sued individually and in their official capacity.

9.     Upon information and belief, at all times and in all their actions described below, defendants were acting under color of state law and within the scope of their employment as police officers, agents, servants and employees of the City of New York and under the City of New York's supervision, direction and control.

10.     That the acts of the defendants alleged herein, the constitutional deprivations of the plaintiffs, occurred in the County of Queens, New York, in the State of New York

## STATEMENT OF FACTS COMMON TO PLAINTIFF

## AND ALL CAUSES OF ACTIONS

11.     On May 20, 2015, at approximately 7:15 p.m., plaintiff was inside of 100-50 202nd Street, in the County of Queens when he was unlawfully seized and arrested.

12.     Plaintiff had just exited a bathroom and was immediately in police presence.

13.     The plaintiff was in the hallway outside the bathroom when the police ordered plaintiff to enter the bedroom.

14.     Plaintiff went into the bedroom and he was cuffed and arrested.

15.     Plaintiff did not reside at said location.  He was lawfully present attending a barbeque.

16.     That the plaintiff had no contraband upon his person.

17.     There was no mention in said warrant and accompanying materials of plaintiff's involvement with any alleged crimes occurring at said location.

18.     There was no mention of plaintiff in any prior investigation.

19.     Upon information and belief, the defendants' application for said warrant was overbroad given the facts known by the defendants' at that time.

20.     Upon information and belief, the warrant application was intentionally made overbroad by the defendant officer(s).

21.     Said warrant application was unreasonably overbroad given the facts known at the time of its request.

22.     That there was no probable cause to seize, cuff or detain the plaintiff.

23.     There was no probable cause to indicate that plaintiff had committed a crime.

24.     The defendants' execution of said warrant and subsequent arrest of the plaintiff was unreasonable and displayed a conscious decision to ignore the facts and circumstances existing at said time.

25.     There was no probable cause on behalf of defendant officers to either seize/search and  or

arrest the plaintiff.

26.     All information that defendant officers had prior to the entry of said premises and after said entry did not provide probable cause to believe that an offense or crime was committed by the plaintiff.

27.     The defendant officers were not in possession of any objective evidence which allow a reasonable person to conclude that plaintiff had committed a crime or offense.

28.     That the defendant and other unknown police officers execution of said warrant and subsequent arrest of plaintiff was totally unreasonable given the facts and circumstances known at said time.

29.     That the defendant officers known and unknown conspired to unlawfully seize, detain and imprison and prosecute the plaintiff herein.

30.     That the defendant officers falsely arrested plaintiff and charged him with violations of Penal Law §§220.03, 221.05 and AC §10-131.

31.     That the plaintiff was seized, cuffed and arrested without probable cause .

32.     The plaintiff was unlawfully arrested and unlawfully imprisoned.

33.     The plaintiff was unlawfully imprisoned against his will.

34.     The plaintiff was unlawfully imprisoned at the precinct, and central booking, and forced to appear before the Queens County Criminal Court.

35.     The plaintiff remained unlawfully imprisoned for approximately twenty four hours before he was released.

36.     The defendant officers caused plaintiff to be maliciously prosecuted in Queens County Criminal Court.

37.     The defendants continued to maliciously prosecute the plaintiff in Queens Criminal Court for approximately five months.

38.     That the defendants conspired to falsify documents, reports and court records and withhold

vital information from the prosecutor, all in furtherance of said conspiracy.

39.     The plaintiff was placed under arrest and maliciously prosecuted despite defendant officers and other unknown officers knowledge that they lacked probable cause to do so.

40.     That the defendants known and unknown, herein failed to intervene to cease the unlawful acts and conspiracies of the defendant officers herein.

41.     That the Plaintiff is wholly innocent of any and all allegations and charges pertaining to the arrest occurring on May 20, 2015.

42.     That plaintiff's case was dismissed and sealed on October 19, 2015.

43.     As a result of the defendant's conduct the plaintiff suffered the loss of liberty, imprisonment, plaintiff sustained emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION
## VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS §1983

44.     Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

45.     The conduct and actions of Defendants and other unidentified officers, under color of state law and acting without probable cause, justification, or otherwise privilege, subjected plaintiff to false arrest against plaintiff's will, and plaintiff was conscious of said confinement and, was done intentionally, maliciously with a deliberate indifference or with a   reckless disregard for the natural and probable consequences of their acts, and subjected plaintiff to conspiracy, acts, and omissions to act without due process of law and in violation of 42 U.S.C. §1983 thereby depriving plaintiff of his rights, privileges and immunities secured by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, including, without limitations, deprivation of the following constitutional rights, privileges and immunities:

(a)     Plaintiff was deprived of his First Amendment right to speak freely and to petition the

government for redress of grievances;

(b)    Plaintiff was deprived of their Fourth Amendment constitutional right to be free from both an unreasonable seizures of his person and home;

(c)    Plaintiff was deprived of their Fourteenth Amendment right to liberty, without due process of law;

(d)    Plaintiff was deprived of her Fourteenth Amendment right to equal protection of law;

46.    As a result of the defendant's conduct, plaintiff was deprived of liberty, sustained emotional injury including mental suffering, humiliation, physical injury, pain and suffering, embarrassment, and was otherwise harmed, damaged and injured.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF ALL PLAINTIFF
## MALICIOUS ABUSE OF PROCESS UNDER 42 USC 1983

47.    Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

48.    The Defendant officers issued legal process to place plaintiff under arrest.

49.    The Defendant officers arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

50.    The Defendant officers acted with intent to do harm to plaintiff without excuse or justification.

51.    The Defendant officers' aforementioned actions were conscience shocking and placed plaintiff in apprehension of emotional injuries.

52.    As a result of Defendant's conduct, plaintiff has suffered mental anguish, together with shock, fright, apprehension, embarrassment, humiliation and were otherwise harmed damaged and injured.

## AS AND FOR A THIRD CAUSE OF ACTION
## LIABILITY OF DEFENDANT CITY
## FOR CONSTITUTIONAL VIOLATIONS (STATE & FEDERAL)

53.    Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

54.     At all times materials to this complaint, the defendant **CITY OF NEW YORK**, acting through its police department, the **NEW YORK CITY POLICE DEPARTMENT**, had in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant police officers.

55.     The aforementioned customs policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included but not limited to arresting persons without probable cause, providing false information to prosecutors, falsifying police reports and testifying falsely under oath.

56.     The defendant City of New York, failed to effectively screen, hire, train, supervise and discipline its police officers and employees, including the defendant police officers and employees herein, for their ability to conduct proper and truthful police work, for their ability to investigate properly and for their ability to determine probable cause.

57.     The existence of such de facto policies and/or well-settled and widespread customs and practices has been known to supervisory and police-making officers and officials of the Police Department and the City of New York for a substantial period of time.

58.     Upon information and belief, despite knowledge of such illegal de facto policies and practices, the supervisory and police-making officers and officials of the Police Department and the City of New York have not taken adequate steps to terminate these policies and practices, have not disciplined individuals who engage in such practices, or otherwise properly trained police officers with regard to the constitutional and statutory limits on the exercise of their authority, and have instead sanctioned and ratified these policies, customs and practices through their deliberate indifference to or negligent disregard of the effect of said policies, customs and practices upon the constitutional rights of persons in the City of New York.

59.     Defendant NYC as well as unidentified police officers who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly train, discipline, sanction and retrain police officers, despite their knowledge of the recurring problem of violations of the Constitutional rights of citizens by seizing persons without probable cause, falsely arresting person, falsifying official records etc, and in so failing, the defendant NYC has caused, encouraged, condoned and allowed the defendants in

this case to engage in the aforementioned unlawful conduct without fear of consequences for their illegal acts which did cause the plaintiffs to be subjected to deprivations of their civil rights.

60.     That the defendant municipality, NYC, alerted to the existence of a significant number of false arrests by its police officers, by repeated complaints, of false arrest, exhibited deliberate indifference thereto in that it was obvious to NYC that there was a need for more and/or improved supervision of police officers in order to protect against constitutional violations and in spite of repeated complaints of civil rights violations, there have been no meaningful attempts on the part of NYC to investigate or forestall further incidents.

61.     That the defendant municipality, NYC, has also been alerted to the use of malicious prosecution brought by its employee officers to cover up the false arrests and unlawful seizures by its police officers, and that the culture of bringing such false charges and malicious prosecuting victims of NYPD false arrests has been allowed to exist without repercussions to the officers who engage in such behavior.

62.     Moreover, the action of the individual defendant and other unknown officers resulted from and were taken pursuant to a de facto policy and/or well-settled and widespread custom and practice of the City of New York, which is implemented by police officer of said City.  When officers unreasonably execute a blanket arrest of all persons present without concern to the facts and circumstances and the clear lack of probable cause while executing search warrant.   Where the upward mobility of the officers within ranks is accomplished by the sheer number of arrests.  This conduct is open and notorious and frequently implement in search warrant situations where both weapons and drug arrests are prosecuted.  This is a well established practice and custom of the defendant NYC police department which has been the subject of a voluminous number of civil rights actions.

63.     The existence of such de facto policies and/or well-settled and widespread custom and practices have been known to supervisory and police-making officers and officials of the Police Department of the City of New York for a substantial period.

64.     Each and every year, thousands of civil rights actions alleging false arrest and unlawful imprisonment by police officers are brought and "settled" by the defendant New York City.   Each year, the defendant, New York City spends millions of dollars to settle and/or satisfy said actions.   Of greatest concern, is the fact that the defendant NYC is in possession of all information concerning thousands of similar matters settled.

Furthermore, these facts alone substantiate the fact that not only is the defendant New York City aware of said police practices and usages, but moreso, that defendant NYC has failed to stop said practices and has condoned said practices and usages.

65.     The defendant City has rather than correct and rectify these unconstitutional abuses by its police force it would rather permit said abuses to continue as a "cost of doing business" .  Defendant City has made a conscious – ill advised  decision to allow the status quo to continue and allow the police to police themselves, thereby resulting in multitudes of civil rights violations and abuses.

66.     Upon information and belief, and without limiting the foregoing, the City of New York has specifically failed to terminate said practices in the following manner:

      (a)     Has failed to properly train, instruct, and discipline police officers with regard to the existence of probable cause;

      (b)     Has failed to properly train, instruct, and discipline police officers with regard to falsifying police reports and providing misleading information to prosecutors.

      (c)     Has failed to properly train, instruct, and discipline police officers with regard to testifying falsely under oath;

      (d)     Has failed to properly train, instruct, and discipline supervising officers with regard to proper review of facts and circumstances when warrants are executed and arrests made;

      (e)     Has failed to properly instruct, and discipline police officers that arrest persons without probable cause and thereafter blatantly deny said persons necessary medical treatment and care is both improper police procedure as well as a violation of constitutional rights.

      (f)     Has permitted police officers to maintain the "blue wall of silence" and to conceal and fail to report the misconduct of other police officers;

      (g)     Has structured procedures and standards at the Civilian Complaint Review Board, the Office of Chief of Department, and Internal Affairs in such a manner that an officer's denial of the charges is ordinarily sufficient to remove the threat of any discipline or restraint upon the officer's conduct and to prevent any objective review of the officer's conduct.

      (h)     Has failed to require police officers to accept independent and objective review of civilian complaints and imposition of discipline.

      (i)     Has failed to properly structure the police department to review and discipline the existence of unlawful conspiracy by defendant officers.

67.     Defendant City of New York is directly liable and responsible for the acts of defendants because it has repeatedly and knowingly failed to properly supervise, train and discipline said officers and because it repeatedly and knowingly failed to enforce the rules and regulations of the New York City Police Department and the laws of the State of New York and the United States.

68.     The knowing and repeated failure of the defendant City of New York to properly supervise, train and discipline said officers actually caused the injuries to plaintiff alleged herein.

69.     Upon information and belief, defendant City of New York knew or should have known that the acts alleged herein would deprive plaintiff of his rights without due process of law, in violation of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and Article 1, §§1, 6, 8, 9, 11 and 12 of the Constitution of the State of New York, including, without limitation, such rights as plaintiff's rights to freedom from loss of liberty, freedom of speech, rights to petition for redress of grievances, right to due process, and right to equal protection of the laws.

70.     The defendant City of New York is also directly liable and responsible for the acts of defendants under the doctrine of respondeat superior.

71.     As a result of the foregoing conscious policies, practices, customs and./or usages, defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as police officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior.  Such polices, practices customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiff herein.

72.     As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, suffered pain and suffering and was otherwise harmed, damaged and injured.

## AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF,
### NYS CONSTITUTIONAL VIOLATIONS

73.     Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

74.     Defendants subjected plaintiff to the foregoing conspiracies, acts, and omissions to act without due process of law, thereby depriving plaintiffs of their rights, privileges and immunities secured by Article 1, §§1, 6, 8, 9, 11 and 12 of the New York State Constitution, including, without limitation, the following deprivations of their rights, privileges and immunities:

(a)     Plaintiff was deprived of his rights to speak freely and to petition the government for redress of grievances, in violation of §§ 8 and 9 of the Constitution of the State of New York;

(b)     Plaintiff was deprived of his rights to be free unreasonable seizures of his person; in violation of § 12 of the Constitution of the State of New York;

(c)     Plaintiff was deprived of his rights to liberty, without due process of law, in violation of §6 of the Constitution of the State of New York;

75.     As a result of the defendants' conduct, Plaintiff was deprived of liberty, sustained emotional injury, humiliation, embarrassment, and was otherwise harmed, damaged and injured.

## AS AND FOR A FIFTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF,
## FAILURE TO INTERVENE

76.     Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

77.     Each and every individual defendant officer had an affirmative duty to intervene on the plaintiffs' behalf to prevent the violation of his constitutional rights.

78.     The individual defendant officers failed to intervene on plaintiffs' behalf to prevent the violation of his constitutional rights despite having a realistic opportunity to do so.

79.     As a result of the aforementioned conduct of the individual defendants, plaintiff's constitutional rights was violated and he was subjected to false arrest and unlawful imprisonment.

## AS AND FOR A SIXTH CAUSE OF ACTION
## VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
## 42 USC §1983 AND THE FOURTH AMENDMENT VIA
## MALICIOUS PROSECTUION

80.     Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

81.     That the plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment by the defendant.

82.     That said malicious prosecution was initiated by the defendants, their agents, servants and employees, without any legal justification and without probable cause in that the defendants caused the commencement and continuation of criminal proceedings against the plaintiff,  and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights.  The malicious prosecution ceased when the matter was dismissed and sealed on October 19, 2015.

83.     That defendant officers and other unidentified officers swore  falsely as to the alleged criminal actions attributed to plaintiff and caused him malicious prosecution to be commenced and continued.

84.     That the defendants and other unidentified officers misrepresented and falsified evidence before the District Attorney.

85.     That the defendants did not make a complete and accurate statement of facts to the prosecutor.

86.     That defendants withheld exculpatory evidence from the District Attorney.

87.     That the defendants lacked probable cause to initiate criminal proceedings against the plaintiff.

88.     That the defendants acted with malice to initiate criminal proceedings against the plaintiff.

89.     That the defendants were directly and actively involved in the construction of  the criminal proceeding against the plaintiff.

90.     That defendants acted with malice in their continuation of said false charges.

91.     That defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

92.     Notwithstanding the prejudice and fraudulent conduct of the defendant, the criminal proceeding were terminated in plaintiff's favor and all charges against him were dismissed.

93.     That the plaintiff was wholly innocent of all charges.

94.     That all the defendants who knew of the commencement and continuation of the malicious

prosecution of the plaintiff is liable to the plaintiff via his failure to exercise his affirmative duty to intervene.

95.    That as a result of the above conduct, the defendants' malicious prosecution caused plaintiff's education to be interfered with; his loss of liberty and other emotional injuries and that the plaintiff was otherwise harmed and injured.

**WHEREFORE**, the plaintiff demands judgment:

A.    Compensatory damages in the amount of THREE HUNDRED FIFTY THOUSAND ($350,000,000) DOLLARS for Plaintiff;

B.    Punitive damages in the amount of TWO HUNDRED FIFTY THOUSAND ($250,000,000) DOLLARS for plaintiff;

C.    The convening and empanelling of a jury to consider the merits of the claims herein;

D.    Costs and interest and attorney's fees;

E.    Such other and further relief as this court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

Dated: Queens, New York
       May 12, 2016

Yours, etc.,

_____
EDWARD ZALOBA, Esq.
Attorneys for Plaintiff
118-21 Queens Boulevard, Ste. 504
Forest Hills, New York 11375
(718) 261-3000